IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS SCOTT MCALPIN,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA GOVERNOR BRIAN SCHWEITZER, CHRIS HOFFMAN, SCOTT LEETE, DARCY WOLF, and LOREN HOCHAULTER,<br><br>Defendants. | Cause No. CV 12-00114-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Douglas McAlpin's Motion to Proceed in Forma Pauperis and proposed Complaint.

**I. Motion to Proceed in Forma Pauperis**

McAlpin submitted a declaration and account statements sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), McAlpin must pay the statutory $350.00 filing fee. McAlpin has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding

1

month's income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of McAlpin will be directed to forward payments from McAlpin's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

McAlpin's Complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II. Statement of the Case

### A. Parties

McAlpin is a prisoner incarcerated at the Ravalli County Detention Center. He is proceeding without counsel. He brings this action under 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights in various ways. Named as Defendants are Montana Governor Brian Schweitzer, Chris Hoffman, Scott Leete, Darcy Wolf, and Loren Hochaulter.

### B. Factual Background and Allegations

McAlpin complains about several incidents. First, he alleges that on December 9, 2005, Lt. Commander Scott Leete and Detective Assistant Darcy Wolf threatened, coerced and compelled him to sign a violent offender registration. He contends these Defendants refused to release him from custody and told him he would be charged with trespassing on county property and refusing to register as a violent offender if he did not comply.

Second, McAlpin contends that on August 1, 2010, Sgt. Loren Hochaulter arrested him without cause based upon Darcy Wolf's assertion that he failed to maintain a violent offender registration with Ravalli County. He states he was detained in the Ravalli County Jail on August 5, 2012, and that the Ravalli County Attorney filed an information in district court alleging two counts of failing to maintain a violent offender registration. McAlpin asserts he is not a violent offender.

Mr. AcAlpin also seems to be challenging his current incarceration. He states in the injury section of his Complaint that Darcy Wolf presented a false and malicious criminal charge of failing to maintain a violent offender registration to the County Attorney's Office who has taken the charge to the district court for prosecution. He contends he has been falsely imprisoned for nine months.

He seeks immediate injunctive relief to be restored his full citizenship as a United States citizen, a full pardon, all civil and constitutional rights restored, and the resignation of Darcy Wolf.

### III. Prescreening

**A. Standard**

McAlpin is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). For the reasons discussed below, McAlpin's claims fail as a matter of law and should be dismissed.

**B. Analysis**

McAlpin advances three claims for relief. First, McAlpin complains of events which occurred in December 2005 alleging that Defendants Wolf and Leete coerced him into registering as a violent offender. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined that the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is

three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). McAlpin filed his Complaint on June 28, 2012, nearly seven years after the events at issue. Accordingly, his allegations regarding the December 2005 events are barred by the applicable statute of limitations.

Second, McAlpin seeks to challenge his August 2010 arrest, incarceration, and prosecution for failing to register as a violent offender. These claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. at 486-87.

The Montana Supreme Court website indicates McAlpin appealed his conviction arising from the August 2010 arrest on May 2, 2011. He was appointed counsel and represented on appeal by the Appellate Defender's Office.

On November 10, 2011, McAlpin's counsel filed an *Anders* brief/motion seeking to withdraw from the appeal as there were no non-frivolous issues. According to that brief, McAlpin was charged with two counts of failure to

maintain violent offender registration on August 19, 2010. Ultimately, McAlpin pled guilty to failing to keep his registration current between April 1, 2006 and December 11, 2006. The district court sentenced McAlpin to the custody of the Department of Corrections for three years, suspending all three years upon conditions. McAlpin was also sentenced to the Ravalli County Detention Center for 30 days, with credit for 23 days, to run consecutively to the three-year suspended sentence.

On December 8, 2011, McAlpin filed a response to the *Anders* motion raising many of the same arguments set forth in this case. On December 27, 2011, the Montana Supreme Court dismissed the appeal concluding that the appeal would be wholly frivolous.

According to the Ravalli County Detention Center inmate status report dated July 11, 2012, McAlpin is currently incarcerated on a charge of revocation of a suspended sentence from the August 2010 arrest and conviction, the charges he seeks to challenge herein. As he is incarcerated on the charges he is complaining about, the Court can only assume his conviction has not been reversed, declared invalid, expunged, or called into question. Thus, his claims are barred by the *Heck* doctrine.

Finally, since McAlpin is asking for release from custody, he seems to be

challenging his ongoing criminal proceedings. But such a challenge is barred by the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings[.]" *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). When applicable, *Younger* abstention requires dismissal of the federal action, not a stay. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel*, 145 F.3d at 1103 n.5 (noting that the district and appellate courts can raise the issue sua sponte).

*Younger* abstention is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise the

federal claims. *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995); *Martinez*, 125 F.3d at 781; *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, there are ongoing state criminal proceedings, these proceedings revolve around the important state interests to enforce the local and state laws, and McAlpin has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Accordingly, all three prongs of the *Younger* test have been satisfied and dismissal is appropriate.

## IV. Conclusion

### A. Leave to Amend

For the reasons set forth above, McAlpin's Complaint fails to state a claim upon which relief may be granted. And the defects in the Complaint could not be cured by the allegation of other facts. Consequently, McAlpin's Complaint should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a

9

claim. 28 U.S.C. § 1915(g).

The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal*, et al., 1:08-CV-01327-DMS-AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11–531–PHX–DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court recommends that this dismissal pursuant to *Heck* be a strike under 28 U.S.C. § 1915(g).

**C. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on

> appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

McAlpin's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of these actions, McAlpin SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective

11

date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if McAlpin has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

McAlpin's Motion to Proceed in forma pauperis (Dkt. 1) is granted. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on June 28, 2012.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. McAlpin's Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because McAlpin

failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), McAlpin may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If McAlpin files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude McAlpin from relying on that fact or

argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of August, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge