IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION



**FILED**

NOV 1 5 2012

Clerk, U.S. District Court
District Of Montana
Missoula

| | | |
|---|---|---|
| DOUGLAS SCOTT McALPIN, | ) | CV 12-00114-M-DLC |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| BRIAN SCHWEITZER, | ) | |
| CHRIS HOFFMAN, SCOTT LEETE, | ) | |
| DARCY WOLF, and | ) | |
| LOREN HOCHAULTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Douglas Scott McAlpin filed a Complaint on June 28, 2012,

alleging Defendants threatened, coerced, and compelled him to sign a violent

offender registration, arrested him without cause, and falsely and maliciously

charged him with failing to maintain a violent offender registration. (Doc. 2 at 5.)

He asserts he has been falsely imprisoned for nine months and seeks injunctive

relief. (Doc. 2 at 6.)

United States Magistrate Judge Jeremiah Lynch entered Findings and

Recommendations on August 6, 2012. (Doc. 3.) Judge Lynch recommended that

McAlpin's Complaint be dismissed without prejudice, judgment in favor of

Defendants be entered, this action count as a strike pursuant to 28 U.S.C. §

1

1915(g), and the docket reflect that pursuant to Fed.R.App.P. 24(a)(3)(A) any appeal of this decision would not be taken in good faith. (Doc. 3 at 12–13.)

McAlpin timely objected and is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Lynch's Findings and Recommendations in full.

I.    Procedural History

McAlpin registered as a violent offender in Montana on December 9, 2005, based on a 1992 conviction in Tennessee for manslaughter. *Anders* Br. 2 (November 10, 2011). On August 1, 2010, McAlpin was arrested in Ravalli County, and on August 5, 2010, an Information was filed on two counts. (Doc. 2 at 5.) On August 19, 2010, McAlpin was charged by an Amended Information with two counts of Failure to Maintain Violent Offender Registration. *Anders* Br. 1. Count I alleged McAlpin failed to maintain his registration on or about August 1, 2010. *Id.* Count II alleged McAlpin failed to maintain his registration between April 1, 2006, and December 31, 2006. *Id.* The district court dismissed Count I for failure to show probable cause. *Id.* at 5. Ultimately, McAlpin changed his plea and pled guilty to Count II, reserving his right to appeal the motion to dismiss as to

2

that count. *Id.*at 6. The district court sentenced McAlpin to the custody of the Department of Corrections for three years suspended. *Id.* McAlpin is currently incarcerated on a revocation of his suspended sentence from the August 2010 arrest and conviction. (Doc. 5 at 7.)

McAlpin appealed his 2010 conviction in May of 2011. (Doc. 5 at 6.) On November 10, 2011, McAlpin's lawyer filed an Anders Brief, asserting there were no non-frivolous issues. *Anders* Br. 1. McAlpin filed a response to the Anders motion on December 8, 2011. (Doc. 5 at 7.) The Montana Supreme Court dismissed the appeal on December 27, 2011, concluding an appeal would be wholly frivolous. (Doc. 5 at 7.)

## II.    Statute of Limitations

Because § 1983 contains no statute of limitations, federal courts apply the state statute of limitations governing personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27–2–204(1). In his objections, McAlpin asserts his allegations regarding the 2005 events were meant to provide background information, not to state a claim, and that the events are relevant because Defendants started a conspiracy in 2005 that continued until 2010. (Doc. 6 at 3.)

To state a claim for a conspiracy under § 1983, a plaintiff must state specific facts to support the existence of the alleged conspiracy. *Burns v. Co. of King*, 883 F.2d 819, 821(9th Cir. 1989) (citing *Coverdell v. Dept. of Soc. & Health Serv.*, 834 F.2d 758, 769 (9th Cir. 1987)). A plaintiff must establish both the existence of an agreement among the defendants to deprive him of his constitutional rights and an actual deprivation of those rights resulting from the agreement. *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir. 1991). McAlpin has failed to prove a conspiracy. To the extent McAlpin cited these events to state a claim, the allegations are barred by the statute of limitations.

III.   *Heck* Doctrine

Pursuant to *Heck v. Humphrey*, "when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). If it would imply the invalidity, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

At the center of McAlpin's Complaint is his assertion that he is not a violent offender (doc. 2 at 5), which he also argued in his motion to dismiss in district court (*Anders* Br. 2). The district court concluded McAlpin was a violent offender as defined in Montana Code Annotated § 46–23–502. *Anders* Br. 5. This

4

determination has not been overturned or otherwise declared invalid. The Montana Supreme Court's dismissal of McAlpin's appeal constitutes an appeal despite McAlpin's argument that "essentially there was no appeal." (Doc. 6 at 6.)

McAlpin's allegations imply the invalidity of his conviction. Any determination about McAlpin's status as a violent offender, including a determination on the dismissed Count I of the Information, is *Heck*-barred. The only way for him to bring these claims is through post-conviction or habeas relief. The Defendant asserts he has brought habeas petitions in state and federal court, which are pending. (Doc. 6 at 4; *McAlpin v. Leete, et al.*, Cause No. CV 12-143-M-DLC-JCL (Aug. 28, 2012)).

IV.   *Younger* Doctrine

To the extent McAlpin is challenging his probation revocation, his claim is barred by the *Younger* doctrine. *Younger v. Harris* and "its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Co. Ethics Comm. v. Garden St. Bar Assn.*, 457 U.S. 423, 431 (1982). Abstention is appropriate where: (1) there is an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is adequate opportunity in the state proceedings to raise constitutional challenges. *Id.* at 432. To these threshold requirements, the Ninth Circuit "recently articulated an implied fourth requirement

that (4) the federal court action would 'enjoin the proceeding, or have the practical effect of doing so.'" *Potrero Hills Landfill, Inc. v. Co. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (quoting *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148–49 (9th Cir. 2007)).

The four requirements for abstention are met here.  Though a violent offender act may be a civil regulatory program, an offender who fails to comply with the act may be criminally prosecuted for that failure.  *Smith v. Doe*, 538 U.S. 84, 102, 105 (2003).  Moreover, the *Younger* doctrine sometimes applies to ongoing civil proceedings.  *Huffman v. Pursue*, 420 U.S. 592, 607 (1975) (concluding the district court should have applied *Younger* in determining whether to proceed in nuisance proceeding).

The state has an important interest in enforcing state and local laws.  The *Younger* doctrine "stemmed from the fear that interference with a state criminal prosecution would disrupt the exercise of a basic state function, 'prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and Constitution.'" *Miofsky v. Super. Ct. of St. of Cal., in and for Sacramento Co.*, 703 F.2d 332, 336 (9th Cir. 1983) (quoting *Younger v. Harris*, 401 U.S. 37, 51–52 (1971)).  McAlpin could still file an appeal regarding his current incarceration and could raise his constitutional challenges in that

6

proceeding. Action by this Court would practically enjoin the state proceeding. McAlpin's claim challenging his probation revocation is barred by *Younger*, and abstention is appropriate.

V.     False Arrest, False Imprisonment Claim

McAlpin alleges that no warrant could be issued against him since he is not a legally registered violent offender. (Doc. 6 at 3.) He further alleges Defendants unlawfully and falsely arrested and imprisoned him. (Doc. 6 at 3, 5.)

A false imprisonment claim based upon an arrest without a warrant requires allegations of an arrest without process, imprisonment, and damages. *Garcia v. City of Merced*, 637 F.Supp.2d 731, 752 (E.D.Cal. 2008). To prevail on a claim for false arrest and imprisonment, a plaintiff must demonstrate that there was no probable cause to arrest him. *Cabera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). The arresting officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.* at 153.

The district court determined there was probable cause for the arrest of McAlpin as to Count II. The existence of probable cause defeats McAlpin's

7

claims of false arrest and imprisonment. These claims are also *Heck*-barred because any determination on whether or not McAlpin is a violent offender would imply the invalidity of his conviction.

VI.    Request for Attorney

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). In fact, unlike in criminal cases, a court does not have the power to simply appoint an attorney. 28 U.S.C.§ 1915 only allows a court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1); *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Neither of these factors is dispositive and both must be viewed together before reaching a decision. *Terrell*, 935 F.2d at 1017 (*citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)).

8

McAlpin has not yet made adequate showings of a likelihood of success on the merits or of his inability to articulate his claims to warrant a request of counsel. Since his claims are dismissed by the Court, this request is denied as moot.

VII.   Claims of Reprisal

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his pleading once as a matter of course at any time before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). The Court will construe Plaintiff's September 20, 2012, submission (doc. 6) as his first motion to amend his Complaint. That motion will be denied because McAlpin cannot amend his Complaint to bring new, unrelated claims.

Accordingly, Plaintiff may now only amend by leave of court or by written consent of the opposing party. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). While leave to amend should be freely granted, the United States Supreme Court has also noted times where such an amendment might not be allowed, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendments, futility of amendment, etc."

"Futility alone can justify the denial of a motion to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (*citing Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

In his Claims of Reprisal dated September 20, 2012, November 5, 2012, and November 8, 2012, McAlpin seeks to bring new claims unrelated to the allegations brought in his original complaint. This is improper under the Federal Rules of Civil Procedure and will not be allowed. As one court has noted, "where, however, the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action, leave to amend should be denied." *Miss. Assoc. of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991). McAlpin's allegations in the Claims of Reprisal would radically alter the scope and nature of the case and are only tangentially related to the Complaint. Any allegations or evidence about McAlpin's treatment at the Montana State Prison must be brought in a new Complaint. McAlpin fails to name any defendants in the original Complaint who are directly involved with his treatment at the Montana State Prison.

McAlpin fails to state a claim upon which relief may be granted. His claims are barred by the *Heck* and *Younger* doctrines. Amendment will not cure the defects in McAlpin's Complaint.

There is no clear error in Judge Lynch's remaining analysis.  Accordingly,

IT IS HEREBY ORDERED:

1.      Judge Lynch's Findings and Recommendations (doc. 5) are adopted in full.

2.      McAlpin's Complaint (doc. 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.      McAlpin's Motion to Amend (doc. 8) is DENIED.

4.      McAlpin's Motion to Appoint Counsel (doc. 10) is DENIED.

5.      The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) for failure to state a claim.

6.      The docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this __15th__ day of November, 2012.

Dana L. Christensen, District Judge
United States District Court

11